UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR BURTON,

Plaintiff,

Case No. 2:26-cv-12494
Hon. Linda V. Parker

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, ET AL,

Defendants.
_______________________________________/

**OPINION AND ORDER OF PARTIAL DISMISSAL AND DIRECTING PLAINTIFF TO IDENTIFY REMAINING DEFENDANT**

This is a pro se prisoner civil rights case filed under 42 U.S.C. § 1983. Plaintiff Lamar Burton is a Michigan Department of Corrections (MDOC) prisoner presently incarcerated at the Central Michigan Correctional Facility in St. Louis, Michigan. The Complaint concerns conditions at the Egeler Reception and Guidance Center (RGC) in Jackson, Michigan, and identifies three defendants: (1) MDOC, (2) John Doe Physician's Assistant, and (3) Jane Doe - Intake Dental. After screening the Complaint as required by the Prison Litigation Reform Act ("PLRA"), the Court summarily dismisses Burton's claim, except his First Amendment retaliation claim against Jane Doe. Burton must file an Amended Complaint providing identifying information for this defendant within sixty (60) days of the date of this order or face dismissal of the case.

## I. Standard of Review

Burton has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the PLRA, a court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or

"an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

## II. Complaint

In his Complaint, Burton asserts that he arrived at RGC on December 9, 2025. (ECF No. 1. at PageID.1.) During his initial intake he was seen by Defendant John Doe, a physician's assistant, to whom Burton reported a "bad tooth" and would like it to be pulled. (*Id.*)

A few days later, on December 13, 2025, Burton was seen by RGC dental care for an initial assessment. Burton told Defendant Jane Doe, who he describes only as the "intake dental personnel who did exam" that he had a "bad tooth" in his mouth that is "causing him pain and suffering just about daily," and that he wanted the tooth pulled. (*Id.*) Plaintiff showed Jane Doe documentation from Team Wellness in Detroit that consisted of a dental x-ray and a June 10, 2025, referral for Burton to have tooth #16 extracted (the upper right wisdom tooth).[1] (*Id.* at PageID.5-6.)

[1] Team Wellness Center is a private community healthcare organization that operates several outpatient clinics in Southeastern Michigan and offers behavioral and

Jane Doe told Burton that RGC dental care would do its own assessment and that the Team Wellness documents "didn't matter anymore." (*Id.* PageID.2.) Burton was told that if he kept "mouthing off" and telling Jane Doe how to do her job, "they will be sure not to call his ass out until next year sometime." (*Id.*)

Burton sent requests for dental care on December 14, December 16, and January 1. He then informed two nurses during rounds on January 2 about his concern. On January 4, nurses told Burton he would be seen by the dental unit the following day, but he was not called in. Burton filed a grievance on January 7, and finally, on January 9, his tooth was pulled at the dental unit. (*Id.*) Burton asserts that he "had to suffer in overbearing pain for 30 days until [his tooth was pulled]. He was never given anything by RGC dental to subdue his pain." (*Id.*)

Burton claims that Defendant John Doe violated his rights by "not taking note of the actual knowledge" regarding his dental problem, and therefore he caused a delay in treatment. He claims that Jane Doe acted with deliberate indifference by "not taking note of how bad plaintiff Burton's tooth actually was," and retaliated against him by making Burton wait a month for treatment after Burton "spoke about the treatment plan with Team Wellness." Burton also complains that Defendants violated their own grievance policies. (*Id.*)

---

physical health services regardless of a patient's ability to pay. *See* https://teamwellnesscenter.com/

## III. Discussion

### A. Retaliation

Burton asserts that Defendant Jane Doe violated his First Amendment rights by delaying his treatment in retaliation for his request for immediate treatment based on the Team Wellness referral.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To set forth a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id*.

Burton sufficiently pleads facts in support of each element against Defendant Jane Doe. He asserts that he made a verbal request for dental treatment based on the Team Wellness recommendation, satisfying the first element. *See Marshall v. Unknown Brickman*, No. 2:24-cv-86, 2024 WL 3391152, 2024 U.S. Dist. LEXIS 122663, *13 (W.D. Mich. July 12, 2024) (verbal request for medical care may constitute protected conduct). And he asserts that in immediate response to his request, Defendant Jane Doe said she would not put Burton on the call out list, satisfying the second and third elements. *See O'Brien v. Mich. Dep't of Corr.*,

592 F. App’x 338, 343 (6th Cir. 2014) (a delay in treatment may deter a person of ordinary firmness from continuing to engage in protected conduct).

Accordingly, the Complaint will proceed with respect to Burton’s retaliation claim against Defendant Jane Doe.

**B. Eighth Amendment**

Burton also claims that Defendants were deliberately indifferent to a serious medical need when they failed to promptly extract his tooth. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). In the context of dental care, the Sixth Circuit has observed that “[d]ental needs fall into the category ‘of serious medical needs’ because ‘[d]ental care is one of the most important needs of inmates.’” *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010) (quoting *McCarthy v. Place*, 313 F. App’x 810, 814 (6th Cir. 2008)).

However, “not all dental problems constitute serious medical needs.” *McCarthy*, 313 F. App’x at 814. Instead, “‘[a] cognizable claim regarding inadequate dental care, like one involving medical care, can be based on various

factors, such as the pain suffered by the plaintiff, the deterioration of the teeth due to a lack of treatment, or the inability to engage in normal activities.'" *Id.* (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

Here, Burton was assessed in a private clinic on June 10, 2025, and he was advised to have his wisdom tooth extracted. He arrived at RGC on December 9, 2025, about six months later, and he was promptly assessed by the dental unit on December 13. His tooth was pulled on January 9, 2026, twenty-seven days later.

First, Burton does not assert that John Doe or Jane Doe were dentists. These two defendants assessed Burton for his medical and dental needs soon after his arrival at RGC, and a tooth extraction would have been outside the scope of practice for either defendant. The named defendants cannot be held liable under the Eighth Amendment for failing to provide a service outside their scope of care. *See Wilson v. Miniard*, No. 24-11634, 2025 WL 2364986, *10 (E.D. Mich. Aug. 14, 2025) (dental hygienist and dental aide not liable under Eighth Amendment for delay in extraction because procedure was outside their scope of care).

Moreover, the fact that Burton had to wait about four weeks for a non-emergency extraction does not provide a basis for an Eighth Amendment claim. *See, e.g., Weatherspoon v. Toner*, No. 15-2446, 2016 U.S. App. LEXIS 23972, *8 (6th Cir. Oct. 4, 2016) (fourteen-day delay in tooth extraction not sufficient to demonstrate deliberate indifference to serious medical need); *Hunter v. Joboulian*,

No. 1:17-cv-832, 2021 WL 5018754, 2021 U.S. Dist. LEXIS 181111, *24 (W.D. Mich. May 24, 2021) (two-day delay in tooth extraction insufficient to state claim under Eighth Amendment); *Plovie v. Jackson*, No. 2:05-cv-128, 2005 WL 2405952, 2005 U.S. Dist. LEXIS 45298, *21, 26-27 (W.D. Mich. Sept. 29, 2005) (eight-month delay in tooth extraction did not rise to the level of an Eighth Amendment violation).

Burton had a referral for a tooth extraction in June, six months before he went to prison. The additional four-week wait he experienced once he arrived at prison for the tooth extraction in this non-emergency situation did not amount to the failure to treat a serious medical need. The Complaint fails to state an Eighth Amendment claim.

**C. Michigan Department of Corrections**

Burton names the MDOC as a Defendant on the caption of the Complaint but makes no factual allegations against it in the body of the Complaint. In any event, claims against MDOC are "'barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit,' or unless Congress has expressly abrogated Eleventh Amendment immunity." *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984)) (alteration in original). "Michigan has not consented to the filing of civil rights suits against it in federal

court." *Id*. (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). And Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Chaz Constr., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Accordingly, the MDOC will be dismissed.

**D. Unidentified Defendant**

Though the Court has determined that the Complaint states a First Amendment retaliation claim against Defendant Jane Doe, Burton has not sufficiently identified her to facilitate service of the Complaint. "An inmate who brings a civil rights complaint must specifically identify each defendant against whom relief is sought and must give each defendant notice of the action by serving upon him a summons and copy of the complaint." *Staples v. Stone*, No. 16-CV-12367, 2017 U.S. Dist. LEXIS 2623, 2017 WL 76891, at *4 (E.D. Mich. Jan. 9, 2017) (citation omitted); *see also Feliciano v. DuBois*, 846 F. Supp. 1033, 1048 (D. Mass. 1994).

The Court is mindful of the difficulties faced by prisoners seeking to identify MDOC personnel stationed at a different facility. But this does not absolve Burton of the responsibility to exercise due diligence to attempt to identify the individuals against whom relief is sought. Accordingly, Burton must make a diligent effort to identify the Jane Doe Defendant at RGC who conducted the initial dental assessment on December 13, 2025. Burton should document his efforts, as his

failure to identify Jane Doe, may lead to an order requiring him to show cause why his case should not be dismissed.

## IV. Conclusion

Accordingly, for the reasons stated above,

**IT IS ORDERED** that Defendants John Doe and the Michigan Department of Corrections are **DISMISSED** as parties to the Complaint.

**IT IS FURTHER ORDERED** that Burton's Eighth Amendment claim is **DISMISSED**, and the case shall proceed only on Burton's First Amendment retaliation claim against Defendant Jane Doe.

**IT IS FURTHER ORDERED** that Burton is directed to file an Amended Complaint within sixty (60) days of this order which identifies Defendant Jane Doe with sufficient information to allow service. Alternatively, Burton must show good cause why his Complaint should not be dismissed by showing how, despite diligent efforts, he was unable to identify Jane Doe.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 25, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 25, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager